# In the United States District Court

# For the District of Maryland

| | |
|---|---|
| Stacey A. Smith, | * |
|     Plaintiff, | * |
| vs. | * Case No. **MJG-02-CV3257** |
| United States of America, et al., | * |
|     Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ANSWER**

Defendant, Timothy D. Stevens, by his attorneys, James X. Crogan and the law office of McNamara, Fizer & Dent, pursuant to Maryland Rule 2-323, answers the Amended Complaint filed herein as follows:

1. The Defendant cannot admit or deny the averments in Paragraph 1 of the Amended Complaint. To the extent that an Answer is required, the averments are denied.

2. The Defendant admits the averments contained in Paragraph 2 of the Amended Complaint.

3. The Defendant cannot admit or deny the averments in Paragraph 3 of the Amended Complaint. To the extent that an Answer is required, the averments are denied.

4. The Defendant cannot admit or deny the averments in Paragraph 4 of the Amended Complaint. To the extent that an Answer is required, the averments are denied.

5. This Defendant admits Timothy D. Stevens regularly conducts business at 36 Lee Street, Annapolis, Maryland.

6. The Defendant admits the averments contained in Paragraph 6 of the Amended Complaint.

7. The Defendant cannot admit or deny the averments in Paragraph 7 of the Amended Complaint. To the extent that an Answer is required, the averments are denied.

8. The Defendant cannot admit or deny the averments in Paragraph 8 of the Amended Complaint. To the extent that an Answer is required, the averments are denied.

9. The Defendant cannot admit or deny the averments in Paragraph 9 of the Amended Complaint. To the extent that an Answer is required, the averments are denied.

10. This Defendant denies the involved parking lot was covered with ice and cannot admit or deny the remaining averments contained in Paragraph 10 of the Amended Complaint. To the extent that an answer is required, the averments are denied.

11. The Defendant cannot admit or deny the averments in Paragraph 11 of the Amended Complaint. To the extent that an Answer is required, the averments are denied.

12. The Defendant cannot admit or deny the averments in Paragraph 12 of the Amended Complaint. To the extent that an Answer is required, the averments are denied.

13. The Defendant cannot admit or deny the averments in Paragraph 13 of the Amended Complaint. To the extent that an Answer is required, the averments are denied.

14. The Defendant cannot admit or deny the averments in Paragraph 14 of the Amended Complaint. To the extent that an Answer is required, the averments are denied.

15. The Defendant cannot admit or deny the averments in Paragraph 15 of the Amended Complaint. To the extent that an Answer is required, the averments are denied.

16. The Defendant denies the averments contained in Paragraph 16 of the Amended Complaint.

17. The Defendant denies the averments contained in Paragraph 17 of the Amended Complaint.

18. The Defendant cannot admit or deny the averments in Paragraph 18 of the Amended Complaint. To the extent that an Answer is required, the averments are denied.

19. The Defendant cannot admit or deny the averments in Paragraph 19 of the Amended Complaint. To the extent that an Answer is required, the averments are denied.

20. The Defendant cannot admit or deny the averments in Paragraph 20 of the Amended Complaint. To the extent that an Answer is required, the averments are denied.

21. The Defendant cannot admit or deny the averments in Paragraph 21 of the Amended Complaint. To the extent that an Answer is required, the averments are denied.

22. The Defendant cannot admit or deny the averments in Paragraph 22 of the Amended Complaint. To the extent that an Answer is required, the averments are denied.

23. The Defendant cannot admit or deny the averments in Paragraph 23 of the Amended Complaint. To the extent that an Answer is required, the averments are denied.

24. The Defendant cannot admit or deny the averments in Paragraph 24 of the Amended Complaint. To the extent that an Answer is required, the averments are denied.

25. The Defendant cannot admit or deny the averments in Paragraph 25 of the Amended Complaint. To the extent that an Answer is required, the averments are denied.

26. The Defendant cannot admit or deny the averments in Paragraph 26 of the Amended Complaint. To the extent that an Answer is required, the averments are denied.

27. The Defendant cannot admit or deny the averments in Paragraph 27 of the Amended Complaint. To the extent that an Answer is required, the averments are denied.

28. The Defendant cannot admit or deny the averments in Paragraph 28 of the Amended Complaint. To the extent that an Answer is required, the averments are denied.

29. The Defendant cannot admit or deny the averments in Paragraph 29 of the Amended Complaint. To the extent that an Answer is required, the averments are denied.

30. The Defendant admits that he had a contract with Legion Properties, LLC, for snowplowing, sanding/ice melt applications in accordance with the terms and conditions of said contract and denies the remainder of the averments in Paragraph 30 of the Amended Complaint.

31. The Defendant denies the averments contained in Paragraph 31 of the Amended Complaint.

32. The Defendant denies the averments contained in Paragraph 32 of the Amended Complaint.

33. The Defendant denies the averments contained in Paragraph 33 of the Amended Complaint.

34. The Defendant denies the averments contained in Paragraph 34 of the Amended Complaint.

35. The Defendant denies the averments contained in Paragraph 35 of the Amended Complaint.

### AFFIRMATIVE DEFENSES

36. Defendant generally denies liability.

37. Some or all of Plaintiff's claims may be barred on the basis of contributory negligence.

38. Some or all of Plaintiff's claims may be barred on the basis of assumption of risk.

39. Plaintiff's claims may be barred on the basis of the applicable statute of limitations.

40. Plaintiff's claims, and each and every count thereof pertaining to this Defendant, fails to state a cause of action upon which relief can be granted.

**WHEREFORE**, Defendant, Timothy D. Stevens, respectfully requests that the Plaintiff's Amended Complaint be dismissed, with costs.

James X. Crogan
McNamara, Fizer and Dent
The B & O Building
Two North Charles Street, Suite 301
Baltimore, MD  21201-3725
(410) 539-7990
***Attorneys for Timothy D. Stevens***

### CERTIFICATE OF SERVICE

**I Hereby Certify** that on this 21st day of March, 2003, a copy of the foregoing was mailed, first class, to:

Thomas X. Glancy, Jr., Esquire
Eric N. Schloss, Esquire
Gordon, Feinblatt, Rothman, Hoffberger &
  Hollander, LLC
The Garreet Building
233 East Redwood Street
Baltimore, Maryland  21202
*Attorneys for Plaintiff*

Ariana Wright Arnold, Esquire
United States Attorney,
District of Maryland
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland  21201
*Attorney for United States of
   America*

Janet M. Truhe, Esquire
Miller & Truhe, LLC
196 East Main Street
Westminster, Maryland  21157
*Attorneys for Defendants Legion Properties,
   LLC and the Loughlin Management
   Group, Inc.*

_____
James X. Crogan